## No. 13,388.

### JENSEN v. JENSEN.
(40 P. [2d] 238)

Decided January 7, 1935.

*Error to the District Court of the City and County of Denver, Hon. Henley A. Calvert, Judge.*

Mr. Benjamin C. Hilliard, Jr., for plaintiff in error.

No appearance for defendant in error.

*In Department.*

Mr. Justice Holland delivered the opinion of the court.

Upon further consideration, the court, believing that in a former opinion herein, it had overlooked and misapprehended a controlling fact in the case, withdraws such opinion sua sponte. The court also believed that if the original opinion was allowed to stand, although not so intended, it might be considered a harsh and undue criticism upon the trial court and tend unduly to hamper the well meaning administration of justice.

The former opinion was by the Chief Justice, who finds that a congestion of work, due to the closing of his term, gives him no time to rewrite the opinion, hence the case has been reassigned to the present writer.

In a divorce proceeding, filed June 4, 1932, and yet untried, the defendant, plaintiff in error here, was adjudged in contempt of court for refusal to testify, when called by the court, in a hearing on a citation issued by the court on its own motion, for failure to fully comply with former orders of the court for the payment of support money. Through two previous citations, issued on plaintiff's petition, the defendant had made irregular payments, and, by reason of continuances of the citation hearing, was compelled to be in court many times, thereby gaining the impression that the court was prejudiced against him. When served with citation resulting in the action here complained of, he filed a motion, under the rules of the Denver district court, for reassignment of the case to another judge of the Denver district. This motion was overruled. Three days later he filed motion for change of venue or change of judge, on the ground of the prejudice of the trial judge, supporting the motion by his affidavit and that of his counsel, to the effect that the court had entertained ex parte communications with plaintiff and had become biased and influenced in her favor. This motion was denied, and he thereupon filed a motion to quash the citation for lack of supporting affidavit which also met with a denial. Thereupon the court proceeded with the hearing on the citation, and after hearing the testimony of plaintiff, called the defendant, who, after being sworn, upon advice of counsel refused to testify, was adjudged in contempt and sentenced to serve 30 days in jail. The court denied application for stay of execution, which was later granted by this court.

The refusal was based upon the contention of counsel in the district court as well as here, that the court was without jurisdiction for any purpose other than to change the venue, or transfer the cause to another trial judge, a further reason being that there had been no compliance with the Code provision found in section 357, requiring an affidavit of the facts constituting the con-

154

tempt to be presented to the court or judge, as a basis for a proceeding for contempt.

On the last contention, we cannot agree with counsel under the facts disclosed in this case. The Code provision to which reference is made is designed to meet actual contemptuous acts committed out of the presence of the court in anticipation of an attachment to bring the body of the contemnor before the court. This case has to do with the issuance of a citation to show cause, and presupposes a possible involuntary disobedience of a court order. It is a civil process, calling, in the first instance, for the appearance of the party involved, at a time fixed in the citation, and is based upon an apparent disobedience of defendant, or his failure to comply with a lawful order issued by the court. Orders of court that are impossible of compliance are not the subjects of contempt, and such many times find their way into the records in alimony and support proceedings. It is the better, and should be the only, approved practice, to require an affidavit of fact to be presented to the court before the issuance of a citation to show cause in civil matters, unless as here, the order is to pay into the registry of the court. The court can take notice of its own records, and the record herein discloses a failure to comply with the order. An affidavit of that fact would furnish no aid to the court, which could of its own motion properly require that cause be shown why its order had not been obeyed. A court may preserve its dignity and require a respect for its orders, without awaiting suggestions from other sources.

 In the instant case, the court properly exercised its power in the issuance of the citation, and in the absence of other cogent reasons would be supported in its judgment of contempt and sentence thereon. Aware of the troublesome and vexatious questions arising in the adjustment of domestic relations, we wish to say that wide latitude should be allowed trial judges in a conscientious attempt to meet the demands of justice, and

they should not be disarmed by vexatious and unwarranted attacks upon their integrity. Having ex parte communications, denounced by the canons of judicial ethics, is improper if designed to and does influence judicial actions; but experience tells us that all ex parte communications, especially in cases involving domestic relations, are not designed to, and do not, in fact influence judicial action. These are matters in which the state or society is an interested party, and in proceedings involving such relations the actions of an upright and just judge, governed by natural and honorable ethics for the occasion, will control. We believe the court in the case at bar was actuated by the best of motives, and we commend his efforts, but believe, under all the circumstances as disclosed by the affidavits for change of judge, that he overlooked the fact that there could be in the mind of an ordinary man, justification for the fear that a fair trial could not be had as stated in the Code relating to changes of venue. We believe that the trial judge in this case, upon reflection, will agree that the defendant, if possessed of such actual fear occasioned by existing facts, although he unquestionably was free from wrong, bias or prejudice, and known to be free from such, only to the judge and not to the defendant, should not be compelled to submit to trial before a judge so feared.

We do not wish to be understood as depriving trial courts of the discretion seemingly allowed by section 33 of the Code in these cases, but under the facts of this case, and by virtue of our ''general superintending control over all inferior courts,'' we direct that the trial court grant defendant's motion for reassignment of the case under its rule or grant the change of venue.

Judgment reversed and cause remanded with directions to proceed in harmony with the views and directions herein expressed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BURKE concur.